UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80703-CIV-MARRA/JOHNSON

DENNIS EBERSOLE,
on behalf of himself and
other similarly situated
employees

      Plaintiff

vs.

AMERICAN BANCARD, LLC
and AMERICAN CAPITAL
ADVANCE, LLC

      Defendant.
_____/

## ORDER AND OPINION DENYING SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion For Summary

Judgment [DE 19].  The Court has carefully considered the motion and response.  No

reply was filed.  Plaintiff, Dennis Ebersole ("Plaintiff"), brings this action on behalf of

himself and all similarly situated employees, for unpaid overtime compensation,

liquidated damages, attorneys' fees, costs, and other relief under Section 16(b) of

the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

Defendants, American Bancard, LLC and American Capital Advance, LLC (collectively,

"Defendants") move for summary judgment asserting that they are exempt from the

FLSA as a "retail and service establishment," as well as because Plaintiff has not

presented sufficient facts to demonstrate that they were aware of Plaintiff's alleged

uncompensated overtime work.

**Undisputed Material Facts**

American Capital Advance, LLC ("ACA") is a Florida limited liability company located in Boca Raton, Florida. ACA provides the services to merchants of business cash advances, also referred to as accounts receivable financing or accounts receivable factoring, to qualified businesses. Stabile[1] Aff. ¶ 3. American Bancard, LLC ("AB") is a Florida limited liability company located in Boca Raton, Florida, and is ACA's parent company. Stabile Aff. ¶ 4. As a merchant services provider, AB's primary focus is to make available to merchants the service of credit and debit/check card processing services and processing equipment. Stabile Aff. ¶ 4.

Plaintiff signed an employment contract with AB on or about August 14, 2006 to serve as a Funding Specialist. Plaintiff's job duties included providing the following services to merchants that he would solicit or that would contact him directly: (1) business cash advances, also referred to as accounts receivable financing or accounts receivable factoring, and (2) credit and debit/check card processing services and processing equipment. Employment Agreement, DE 22, Ex. B, Stabile Aff. ¶ 5. Plaintiff worked out of his house and at Defendants' Boca Raton, Florida Office. The Employment Agreement states that as compensation for the services to be performed and the duties and responsibilities to be assumed by Plaintiff, the company would pay Plaintiff a commission of three percent of the amount funded to

---

[1] Stacey Stabile is Defendants' General Counsel. Stabile Aff. ¶ 1.

the business on all cash advance deals originated by Plaintiff, a commission of

$100.00 for each merchant account originated by Plaintiff, and a quarterly bonus in

an amount exclusively within the Managing Members' discretion.  Employment

Agreement, DE 22, Ex. B, ¶ 3.

    In January 2008, Plaintiff's manner of compensation changed from three

percent commissions only, to being paid an hourly wage of $14.43 plus one percent

commissions.  Stabile Aff. ¶ 6.  The reclassified position was non-exempt under the

FLSA.  DE 22, Ex. F (Employee Status Form).  For the first time Plaintiff was "required

to sign time sheets."  Ebersole Depo. at 50.

## Standard of Review

    Summary judgment is proper if following discovery, the pleadings, depositions,

answers to interrogatories, affidavits and admissions on file show that there is no

genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986);

Fed.R.Civ.P. 56.  All evidence and all factual inferences reasonably drawn from the

evidence are viewed in the light most favorable to the nonmoving party.  *Adickes v.*

*S.H. Kress & Co.*, 398 U.S. 144 (1970); *Stewart v. Happy Herman's Cheshire Bridge,*

*Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997).  Judgment in favor of a party is proper

where there is no legally sufficient evidentiary basis for a reasonable jury to find for

the nonmoving party on the issue before the Court.  Fed.R.Civ.P. 56.

**Discussion**

**Exemption as "retail and service establishments" under FLSA**

Defendants argue that there is no genuine issue of material fact that they are exempt from the overtime provisions of the FLSA as retail and service providers pursuant to 29 U.S.C. § 207(i) (2009).  Plaintiff responds that this issue is not properly before the Court as Defendants failed to assert this affirmative defense in their Answer and, it is, therefore, deemed waived.  Plaintiff further responds that this defense is flawed and untenable on the facts and law.  The Court agrees on both counts.

Under the Federal Rules of Civil Procedure, a party must "affirmatively state any avoidance or affirmative defense. . . ."  Fed.R.Civ.P. 8(c)(1).  Failure to "specifically plead" an affirmative defense "results in the waiver of this defense." *Easterwood v. CSX Transp., Inc.*, 933 F.2d 1548, 1551 (11th Cir. 1991); *Freeman v. Chevron Oil Co.*, 517 F.2d 201, 204 (5th Cir. 1975).  "Generally, the application of an exemption under the Fair Labor Standards Act is matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).  Moreover, "[t]he contention that a business is exempt from FLSA coverage as a retail or service establishment . . . is an affirmative defense that is waived if not pleaded." *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir.

Sept. 29, 1981).[2]  Moreover, even assuming Defendants were permitted to assert this

defense, the Court cannot conclude that Defendants are entitled to summary

judgment on this issue as a matter of law.

    Defendants argue that they are exempt from the overtime provisions of the

FLSA because they are a retail and service establishment under § 207(i) of the FLSA.

Defendant bears the burden of establishing that they are entitled to the exemption.

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1156 (11th Cir.

2008).  No statutory definition of "retail or service establishment" currently exists.

    When Congress passed Section 207(i) in 1961, it specifically stated that the

phrase "retail or service establishment" was to be given the same meaning as the

phrase in Section 213(a)(2).  The definition of this phrase in Section 213(a)(2),

however, was repealed in 1990.  Nevertheless, courts have found that this definition

is still applicable to Section 207(i) since no Congressional intent has been shown to

modify the definition.  *See, e.g.*, 29 C.F.R. §§ 779.301, 779.312; *Reich v. Delcorp,

Inc.*, 3 F.3d 1181, 1183 (8th Cir.1993); *Reich v. Cruises Only, Inc.*, No. 95-cv-660, 1997

WL 1507504, at *2 (M.D. Fla. June 5, 1997).  Section 213(a)(2) defined a retail or

service establishment as:  (1) an establishment 75 per centum of whose annual dollar

volume of sales of goods or services (or of both) is not for resale and (2) is recognized

---

    [2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en
banc*),  the Eleventh Circuit adopted as binding precedent all decisions of the former
Fifth Circuit rendered prior to the close of business on September 30, 1981.

as retail sales or services in the particular industry.  29 U.S.C. § 213(a)(2) (repealed 1990).

Defendants claim to fall within the retail and services exception "since they meet the basic requirements of subsections (1) and (2) [above] and are recognized in the credit industry as a service provider.  ACA provides the service to merchants of business cash advances . . .  As a merchant services provider, AB's primary focus is to make available to merchants the service of credit and debit/check card processing services and processing equipment."  DE 19 at 5-6.

Federal regulations clarify that this exemption applies only to a "traditional local retail or service establishment." 29 C.F.R. § 779.315.  Such establishments must be part of industries that have a "retail concept."  *Id*. § 779.316.  One provision explains:

> Typically a retail or service establishment is one which sells goods or services to the general public.  It serves the everyday needs of the community in which it is located.  The retail or service establishment performs a function in the business organization of the Nation which is at the very end of the stream of distribution, disposing in small quantities of the products and skills of such organization and does not take part in the manufacturing process.

*Id*. § 779.318.[3]  Defendants sell machines and services to merchants.[4]  Defendants'

---

[3]  Another provision includes a partial list of "establishments to which the retail concept does not apply," and this list includes "security dealers," "finance companies," and "credit companies, including small loan and personal loan companies."  *Id*. § 779.317.  Courts are to give administrative regulations controlling

industry does not have a "retail concept," and Defendants do not claim they sell goods or services to the general public.

The Eleventh Circuit has pointed out that the Supreme Court requires "that courts closely circumscribe the FLSA's exceptions." *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997). And the exemption "is to be applied only to those clearly and unmistakably within the terms and spirit of the exemption." *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 826 (11th Cir. 1988) (quotation marks and cite omitted); *Nicholson v. World Business Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997). Therefore, narrowly construing the claimed exemption to the FLSA overtime requirement, this Court finds that Defendants have not demonstrated, as a matter of law, that they are retail or service establishments exempt from the FLSA's overtime pay provisions. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008).

**Evidence**

Defendants also assert they are entitled to summary judgment because "Plaintiff has presented absolutely no evidence to demonstrate that Defendants' violated the FLSA, let alone *willfully* violated the FLSA." DE 19 at 7 (emphasis in original). Defendants complain that Plaintiff did not keep his own independent time

---

weight unless they are arbitrary, capricious, or manifestly contrary to legislation. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984).

[4] Defendants' Affidavit avers that they sell equipment and services to merchants, not to the public. Stabile Aff. ¶ 4.

sheets to substantiate his claim that he regularly worked in excess of 40 hours per week.  Defendants rely upon *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1323 (11th Cir. 2007) for the proposition that Plaintiff's unsupported declaration of having worked overtime constitutes "a mere scintilla of evidence, and that Plaintiff's unsupported allegations cannot create an issue of fact so as to preclude entry of summary judgment in favor of the Defendants."  DE 19 at 7-8.

The allegations in *Allen*, however, were different than the allegations in this case.  In *Allen*, Alice Johnson testified that no one told her to work off the clock and she did not inform anyone of her overtime work.  She even testified that she did not know how her employer should have known that she was working without compensation.  *Allen*, 495 F.3d at 1323.  In this case, Plaintiff alleges that he was encouraged to work and did work early mornings, late evenings, and weekends for Defendants.  Plaintiff's Depo. at 67-68, Plaintiff's Declaration ¶ 7.  Plaintiff has produced approximately 52 e-mails that show he worked these times and days.  DE 22, Ex. G, H.  Moreover, Plaintiff claims that he was forced to sign an inaccurate time sheet stating that he only worked 40 hours in given weeks.  Plaintiff's Depo. at 50-54.

Also, the Eleventh Circuit held in *Allen*

> Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment.  *Id*. The employer is in a

superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." *Id*.

In *Anderson*, the Court noted that if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes,

> [t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.  Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.

*Allen*, 495 F.3d at 1315-16.

Based on the record before the Court and the law, Defendants are not entitled

to summary judgment as a matter of law.  As a result, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion For Summary Judgment [DE

**19] is DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 17th day of August, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record